# MPD uses covert social media to target Black leaders, Black organizations, and elected officials without a public safety objective

Law enforcement agencies may have legitimate reasons to track social media activity. And police departments may specifically have a reason to use covert social media if a clear investigative purpose to advance public safety exists. Police departments that use covert social media must have clear procedures and accountability mechanisms in place to ensure that covert social media use has a close nexus to a true public safety objective.

A review of MPD's covert social media accounts from January 2010, through December 2020, demonstrates that MPD officers used covert, or fake, social media accounts to surveil and engage Black individuals, Black organizations, and elected officials unrelated to criminal activity, without a public safety objective. In contrast, MPD officers did not similarly track and surveil white people unrelated to criminal activity using MPD covert social media accounts. In fact, as of December 2020, MPD did not operate its own covert social media accounts to track white supremacist or white nationalist groups.

MPD officers using MPD covert social media to target and surveil Black community members demonstrates a pattern or practice of discriminatory, race-based policing.[55]

## MPD's covert social media accounts were used to conduct surveillance, unrelated to criminal activity, and to falsely engage with Black individuals, Black leaders, and Black organizations

MPD officers used MPD covert accounts, unrelated to any actual or alleged criminal activity, to seek and gain access to Black individuals' social media profiles, as well as social media profiles of Black groups and organizations, such as the NAACP and Urban League. Specifically, MPD officers sent friend requests, commented on posts, sent private messages, and contributed to discussions. When doing so, officers posed as like-minded individuals and claimed, for example, that they met the targeted person at a prior demonstration or protest. In social media posts and messages, MPD officers used language to further racial stereotypes associated with Black people, especially Black women.

In one case, an MPD officer used an MPD covert account to pose as a Black community member to send a message to a local branch of the NAACP criticizing the group. In another case, an MPD officer posed as a community member and RSVP'd to attend the birthday party of a prominent Black civil rights lawyer and activist.

[55] The specific covert social media accounts analyzed for this investigation were deleted in the winter of 2021.



Ex. A

> In one case, an MPD officer used an MPD covert account to pose as a Black community member to send a message to a local branch of the NAACP criticizing the group.

While MPD officers also use MPD covert social media to investigate criminal activity, engaging with community members in a false way is improper when there is no nexus to a criminal investigation or to a public safety objective. Community members continue to request authentic engagement with MPD. However, MPD's covert social media use in the instances described above undermines community trust and negates relationship building between MPD and the public.

## MPD officers used covert accounts to pose as community members to criticize elected officials

MPD officers also used MPD's covert accounts to pose as community members in order to post comments and content online attacking police critics and criticizing local officials.

In addition, MPD officers used MPD's covert accounts to send private messages criticizing elected officials, while posing as community members. These elected officials included a Minneapolis City Council Member and a State elected official.

Police officers using MPD's covert social media to contact and criticize elected officials is an inappropriate use of official City resources. This inappropriate covert activity can also undermine the democratic process because false communications can distort elected officials' perspectives and understanding of positions taken by community members. Police officers, as noted above, can use covert social media for a clear investigative purpose to advance public safety. And police officers certainly have the right to engage in the political process, but they must do so authentically, as themselves.

## MPD does not have proper oversight and accountability mechanisms for officers' covert social media use

Since at least 2013, MPD has maintained a policy outlining its use of covert social media accounts for the purpose of investigating criminal activity on social networking sites, like Facebook, Twitter, Instagram, and others.[56] If a clear investigative purpose to advance public safety exists, MPD, like many other law enforcement agencies, may create and use covert or fake social media accounts to gather

[56] On September 20, 2021, the MPD's Policy and Procedure Manual was revised, moving requirements for the use of covert social media accounts to MPD Policy 7-119(IV)(C). The only substantive change to the policy was a requirement of an annual "audit[] to ensure that the covert profiles are still active."



Ex. A

evidence and investigate suspected criminal activity. MPD's policy[57] requires a supervisor to approve the creation of a covert social media account. The following information must be registered with the Commander of MPD's Strategic Information Center: the name and web address of the social media site, the username and screen name of the covert social media profile, and the name of the MPD employee responsible for maintaining the covert account.

While officers must provide this information to the Commander of the Strategic Information Center, MPD's oversight of officers' covert social media is insufficient and ineffective. First, MPD does not maintain an accurate inventory of the covert accounts operated by MPD officers. Specifically, MPD's inventory of covert accounts did not include at least two dozen additional covert accounts operated by MPD officers. Furthermore, as of April 2022, MPD still did not have a policy in its Policy and Procedure Manual requiring MPD leaders to substantively review officers' covert social media activity to ensure that covert accounts are being used for legitimate investigative purposes, and not, for instance, to send messages to City Council Members criticizing them.

> As of April 2022, MPD still did not have a policy requiring a substantive audit of officers' covert social media activity.

In September 2021, MPD amended its covert social media policy to require the Commander of the Strategic Information Center or their designee to conduct yearly audits only to ensure that the covert accounts are still active. However, MPD still does not have a policy requiring a substantive audit of officers' covert social media activity. As a result, MPD officers continue to operate covert accounts without sufficient supervision, oversight, or accountability.

MPD must immediately implement proper oversight and accountability mechanisms with respect to officers' use of covert social media. While the accounts noted above were disabled in the winter of 2021, any newly created covert accounts must be reviewed to ensure they are not being used unlawfully to surveil and engage with Black leaders, Black organizations, or to criticize elected officials.

[57] Section 7-119(IV)(C) of MPD's 2021 Policy and Procedure Manual governs departmental use of social media websites as an investigatory tool. According to the policy, the following are required: (i) approval by a supervisor to create a covert account, (ii) mandated registration of covert social networking profiles with the commander of the Strategic Information Center; (iii) a prohibition of any post that promotes violence or criminal activity; and (iv) required deletion of the profile when it is no longer needed.