3. Employees are prohibited from using social networking sites to harass or attack others, including those who work for the MPD.

B. Authorized exceptions to the above regulation include utilizing social networking websites for MPD-approved public relations and official investigative and/or work-related purposes as approved by Police Administration.

## 7-120 COVERT USE OF SOCIAL NETWORK SITES (05/24/13)

### I. PURPOSE

To establish procedures regarding the covert use of social network sites.

### II. POLICY

The MPD recognizes that the use of covert SNS profiles can be a useful tool in the investigation of criminal activity. All covert SNS profiles shall be registered with the commander of the Strategic Information Center (SIC). In addition, any employee who wishes to use a covert SNS profile shall obtain authorization from their immediate supervisor prior to doing so.

### III. DEFINITIONS

**Social Networking Site (SNS):** Sites which focus on building online communities of people who share interests and activities and/or exploring the interests and activities of others. Examples of social networking websites include: Facebook, MySpace, Friendster, Linked In, Twitter, and sites that allow users to post personal blogs. The absence of, or lack of explicit reference to, a specific site does not limit the extent of the application of this policy.

**Covert Profile:** An SNS profile created and maintained by an MPD employee, but in a user name not associated with the MPD employee, for the purpose of investigating criminal activity.

### IV. PROCEDURES / REGULATIONS

A. All covert SNS profiles shall be registered with the commander of the Strategic Information Center (SIC) to include:

- The name & web address of the social network site
- The user name and screen name of the covert profile, and
- The MPD employee responsible for maintaining the profile.

B. The employee registered as the maintainer of a covert SNS profile is responsible for all content posted online under that profile. MPD employees are advised not to share covert SNS profile access information.

C. No MPD employee shall post any information using a covert SNS profile which promotes violence or criminal activity.

D. When a covert SNS profile is no longer needed it shall be deactivated or deleted from the SNS and the commander of the SIC notified.

## 7-121 EMAIL (06/10/13)

MPD employees shall check their assigned City e-mail account at least once per shift while on duty, during scheduled work hours, when there is reasonable access to a computer.

MINNEAPOLIS POLICE DEPARTMENT

**SPECIAL ORDER**

BY ORDER OF THE CHIEF OF POLICE

| DATE ISSUED: | DATE EFFECTIVE: | NUMBER: | PAGE: |
|---|---|---|---|
| September 14, 2021 | September 20, 2021 | SO21-015 | 1 of 6 |
| TO: Distribution "A" | | | RETENTION DATE: Until Rescinded |
| SUBJECT: **Manual Revision –7-119 Social ~~Networking~~ Media Sites**<br>~~**7-120 Covert Use of Social Network Sites**~~ | | | APPROVED BY: *Chief Arradondo* |

MP-8806

**Introduction:** This policy is being updated to more clearly reference the City of Minneapolis' policy and State statutes.

Effective with the issuance of this Special Order, Section 7-119 of the MPD Policy and Procedure Manual shall be amended as follows:

## 7-119 Social ~~Networking~~ Media Sites

(12/15/09) (05/24/13) (09/15/21)

### I. Purpose

To establish policy regarding employee use of social ~~networking web~~ media sites.

### II. Definitions

~~**Social Networking Websites:** Sites which focus on building online communities of people who share interests and activities and/or exploring the interests and activities of others. Examples of social networking websites include: Facebook, MySpace, Friendster, Linked In, Twitter, and sites that allow users to post personal blogs. The absence of, or lack of explicit reference to, a specific site does not limit the extent of the application of this policy.~~

**Content:** Any posts, writings, material, documents, photographs, graphics, videos, links, or other information that is created, posted, distributed, or transmitted via social media.

**Social Media Site:** An internet site or application where users create and share content and participate in online communities and conversations, in the form of a page, profile, account, group or other presence. These include, but are not limited to, blogs, forums, chat sites, Facebook, Twitter, Instagram, Nextdoor, LinkedIn, Reddit, and YouTube. This policy includes emerging new web-based platforms generally regarded as social media or having many of the same functions as those listed.

**Covert Social Media Profile:** An SNS A social media site profile created and maintained by an MPD employee, but in a username not associated with the MPD employee, for the purpose of investigating criminal activity.

## III. Policy

The MPD has a duty to protect the reputation of the organization and its employees, as well as guard against liability and potential legal risk. Therefore, MPD reserves the right to monitor these websites, and employees are advised of the following:

**A.** Employees should exercise caution and good judgment when engaging with social media sites networking online. Employees should be aware that the content of these social networking media sites can be subpoenaed and used in criminal and civil trials to impeach the employee's testimony.

**B.** Any individual who can be identified as an employee of the MPD has no reasonable expectation of privacy when When engaging with social media sites, employees are networking online, and is subject to all pertinent City of Minneapolis ("City") policies, MPD policies, and local, state, and federal laws regarding public information on arrests, investigations, and personnel data.

**C.** This policy supplements the City's of Minneapolis' Electronic Communications Policy and Social Media Policy.

## IV. Procedure/Regulations

### A. Requirements

Failure to comply with the following may result in discipline, up to and including discharge:

1. Where the poster can be identified as an employee of the MPD, any postings involving offensive or unethical content are not permitted.

2. Employees shall not represent that they are speaking or acting on behalf of the MPD, or that they are representing or presenting the interests of the MPD.

3. Employees are prohibited from using social networking sites to harass or attack others, including those who work for the MPD.

1. This MPD policy on social media sites.

2. The requirements of the City's Social Media Policy and its procedures.

3. Provisions of the City's Social Media Policy's Procedures related to personal use of social media sites.

This includes, but is not limited to, the following clauses:

a. Clause 2

Employees must not use personal Social Media Sites to originate Content as an official form of communication, to speak on behalf of the City, to indicate they are representing the interests of the City, or in a way that could be perceived as official City communication. Always consider how something may be interpreted or understood before posting.

b. Clause 4

The City expects employees to be truthful, courteous, and respectful toward supervisors, co-workers, City residents, customers, and other persons or entities associated with or doing business with the City. When an employee can be identified as someone who does work for the City, they must not engage in name-calling or personal attacks or other such demeaning behavior if the conduct would adversely affect their duties or City workplace. This Section and its limitations apply when the action of the employee adversely affects their work, job duties or ability to function in their position or creates a hostile work environment.

c. Clause 7:

If an employee chooses to identify themselves as someone who does work on behalf of the City on a personal Social Media Site or on a Social Media Site that is not a City-Supported Social Media Site, and posts a personal opinion on a matter related to City business, a disclaimer that is similar to the following must be used:

"These are my own opinions and do not represent those of the City of Minneapolis."

d. Clause 9:

i. There may be times when personal use of Social Media Sites that are not City-Supported Social Media Sites (even if it is off-duty or using their own equipment) may affect or impact the workplace and become the basis for coaching or discipline.

Examples of situations where this might occur include, but are not limited to:

- Cyber-bullying, stalking or harassment.
- Participating in offensive, hateful conduct.
- When conduct on personal Social Media could be perceived as a conflict with the City's mission, values, or degrades public trust in the City or its department.

- Release of City data that is not public.
- Unlawful activities.
- Inappropriate use of the City's name, logo, website URL, or the position or title of an employee or of someone who performs services for the City.
- Using City-owned equipment or City-time for more than occasional personal use on Social Media Sites that are not City-Supported Social Media Sites, which interferes with one's ability to do their job.
- Violation of law, whether federal, state, or local, or violation of a City policy.

ii. Each situation will be evaluated on a case-by-case basis because the laws in this area are evolving.

**B. Authorized City-supported use**

Certain MPD employees may be authorized to use ~~Authorized exceptions to the above regulation include utilizing~~ social media sites ~~networking websites~~ for MPD-approved public relations and official investigative ~~and/~~or work-related purposes. Such use must be ~~as~~ approved by Police Administration.

**C.** ~~7-120 Covert Use of Social Network Sites~~ **Covert use of social media sites**

The MPD recognizes that the use of covert ~~SNS~~ social media profiles can be a useful tool in the investigation of criminal activity. ~~All covert SNS profiles shall be registered with the commander of the Strategic Information Center (SIC). In addition, any employee who wishes to use a covert SNS profile shall obtain authorization from their immediate supervisor prior to doing so.~~ *[Duplicate language]*

1. Profile registration

   a. ~~A.~~ All covert ~~SNS~~ social media profiles shall be registered with the Commander who oversees ~~commander of~~ the Strategic Information Center (SIC). The information provided shall ~~to~~ include:

   - The name & web address of the social ~~network~~ media site
   - The username and screen name of the covert social media profile, and
   - The MPD employee responsible for maintaining the covert social media profile.

   b. The Commander or their designee shall conduct yearly audits to ensure that the covert profiles are still active.

   c. ~~D.~~ When a covert ~~SNS~~ social media profile is no longer needed it shall be deactivated or deleted from the ~~SNS~~ social media site, to the extent permitted by the social media site, and the Commander ~~commander of the Strategic Information Center (SIC)~~ shall be notified.

2. Employee responsibility

   a. ~~B.~~ The MPD employee registered as the maintainer of a covert ~~SNS~~ social media profile is responsible for all content posted online under that profile.

   b. ~~MPD employees are advised not to share covert SNS profile access information.~~ The employee shall maintain their own covert social media profile, and shall not share the access information with other employees, except that:

      i. The employee shall provide the password to their registered profile upon request from the Commander or their designee or for auditing purposes.

3. No promotion of violence or criminal activity

   ~~C. No~~ MPD employees shall not post any information ~~using~~ through a covert ~~SNS~~ social media profile ~~which~~ that promotes violence or criminal activity.

~~**I. PURPOSE**~~

~~To establish procedures regarding the covert use of social_network sites.~~

~~**II. POLICY**~~

~~The MPD recognizes that the use of covert SNS profiles can be a useful tool in the investigation of criminal activity. All covert SNS profiles shall be registered with the commander of the Strategic Information Center (SIC). In addition, any employee who wishes to use a covert SNS profile shall obtain authorization from their immediate supervisor prior to doing so.~~

~~**III. DEFINITIONS**~~

~~**Social Networking Site (SNS):** Sites which focus on building online communities of people who share interests and activities and/or exploring the interests and activities of others. Examples of social networking websites include: Facebook, MySpace, Friendster, Linked In, Twitter, and sites that allow users to post personal blogs. The absence of, or lack of explicit reference to, a specific site does not limit the extent of the application of this policy.~~

~~**Covert Profile:** An SNS profile created and maintained by an MPD employee, but in a user name not associated with the MPD employee, for the purpose of investigating criminal activity.~~

~~**IV. PROCEDURES / REGULATIONS**~~

~~**A.** All covert SNS profiles shall be registered with the commander of the Strategic Information Center (SIC) to include:~~

- ~~The name & web address of the social network site~~
- ~~The user name and screen name of the covert profile, and~~

- ~~The MPD employee responsible for maintaining the profile.~~

**~~B.~~** ~~The employee registered as the maintainer of a covert SNS profile is responsible for all content posted online under that profile. MPD employees are advised not to share covert SNS profile access information.~~

**~~C.~~** ~~No MPD employee shall post any information using a covert SNS profile which promotes violence or criminal activity.~~

**~~D.~~** ~~When a covert SNS profile is no longer needed it shall be deactivated or deleted from the SNS and the commander of the SIC notified.~~

Security levels based on the user's position determine access to programs. If a user requires a different security clearance to perform functions beyond their current security level, a request shall be made in writing to the supervisor of the Business Technology Unit.

Internet and E-mail systems do not provide private or confidential electronic communications. Users must understand that any communications created, received or backed up on the City systems are considered public documents and are subject to legal requests for public disclosure. This includes communications that users might think are of a personal and private nature.

Use of the Internet will be monitored by Business Information and Technology Services (ITS) (BIS). Inappropriate or questionable use will be reported to the supervisor of the Business Technology Unit, and if necessary, referred to the Internal Affairs Unit for investigation. This monitoring will include external links and services being accessed by employees. (09/19/08)

All Internet business that requires a fee or connects to an inappropriate site (i.e. pornographic material, sites that could violate the City's Sexual Harassment Policy, etc.) shall be pre-approved by the employee's supervisor. A memo stating the reason and approval for access shall be retained by the precinct, unit or division commander, who shall forward a file copy to Internal Affairs for review, if needed. (09/19/08)

Internal Affairs may investigate reported violations of the City's Electronic Communications Policy, with the assistance of BIS ITS personnel. Any employee whose user name and password is determined to have been in use during any violation may be subject to an Internal Affairs investigation and held accountable. (09/19/08)

## 5-108 Social Media Sites

(12/15/09) (05/24/13) (09/20/21) (09/26/22)

### I. Purpose

To establish policy regarding employee use of social media sites.

### II. Definitions

**Content:** Any posts, writings, material, documents, photographs, graphics, videos, links, or other information that is created, posted, distributed, or transmitted via social media.

**Social Media Site:** An internet site or application where users create and share content and participate in online communities and conversations, in the form of a page, profile, account, group or other presence. These include, but are not limited to, blogs, forums, chat sites, Facebook, Twitter, Instagram, Nextdoor, LinkedIn, Reddit, and YouTube. This policy includes emerging new web-based platforms generally regarded as social media or having many of the same functions as those listed.

**Covert Social Media Profile:** A social media site profile created and maintained by an MPD employee, but in a username not associated with the MPD employee, for the purpose of investigating criminal activity.

## III. Policy

The MPD has a duty to protect the reputation of the organization and its employees, as well as guard against liability and potential legal risk. Therefore, employees are advised of the following:

**A.** Employees should exercise caution and good judgment when engaging with social media sites. Employees should be aware that the content of these social media sites can be subpoenaed and used in criminal and civil trials to impeach the employee's testimony.

**B.** When engaging with social media sites, employees are subject to all pertinent City of Minneapolis ("City") policies, MPD policies, and local, state, and federal laws regarding public information on arrests, investigations, and personnel data.

**C.** This policy supplements the City's Electronic Communications Policy and Social Media Policy.

## IV. Procedure/Regulations

### A. Requirements

Failure to comply with the following may result in discipline, up to and including discharge:

1. This MPD policy on social media sites.
2. The requirements of the City's Social Media Policy and its procedures.
3. Provisions of the City's Social Media Policy's Procedures related to personal use of social media sites.

   This includes, but is not limited to, the following clauses:

   a. Clause 2

      Employees must not use personal Social Media Sites to originate Content as an official form of communication, to speak on behalf of the City, to indicate they are representing the interests of the City, or in a way that could be perceived as official City communication. Always consider how something may be interpreted or understood before posting.

   b. Clause 4

      The City expects employees to be truthful, courteous, and respectful toward supervisors, co-workers, City residents, customers, and other persons or entities

associated with or doing business with the City. When an employee can be identified as someone who does work for the City, they must not engage in name-calling or personal attacks or other such demeaning behavior if the conduct would adversely affect their duties or City workplace. This Section and its limitations apply when the action of the employee adversely affects their work, job duties or ability to function in their position or creates a hostile work environment.

c. Clause 7:

If an employee chooses to identify themselves as someone who does work on behalf of the City on a personal Social Media Site or on a Social Media Site that is not a City-Supported Social Media Site, and posts a personal opinion on a matter related to City business, a disclaimer that is similar to the following must be used:

"These are my own opinions and do not represent those of the City of Minneapolis."

d. Clause 9:

i. There may be times when personal use of Social Media Sites that are not City-Supported Social Media Sites (even if it is off-duty or using their own equipment) may affect or impact the workplace and become the basis for coaching or discipline.

Examples of situations where this might occur include, but are not limited to:

- Cyber-bullying, stalking or harassment.
- Participating in offensive, hateful conduct.
- When conduct on personal Social Media could be perceived as a conflict with the City's mission, values, or degrades public trust in the City or its department.
- Release of City data that is not public.
- Unlawful activities.
- Inappropriate use of the City's name, logo, website URL, or the position or title of an employee or of someone who performs services for the City.
- Using City-owned equipment or City-time for more than occasional personal use on Social Media Sites that are not City-Supported Social Media Sites, which interferes with one's ability to do their job.
- Violation of law, whether federal, state, or local, or violation of a City policy.

ii. Each situation will be evaluated on a case-by-case basis because the laws in this area are evolving.

**B. Authorized City-supported use**

Certain MPD employees may be authorized to use social media sites for MPD-approved public relations and official investigative or work-related purposes. Such use must be approved by Police Administration.

**C. Covert use of social media sites**

The MPD recognizes that the use of covert social media profiles can be a useful tool in the investigation of criminal activity.

1. Profile registration

   a. All covert social media profiles shall be registered with the Commander who oversees the Strategic Information Center (SIC). The information provided shall include:

      - The name & web address of the social media site
      - The username and screen name of the covert social media profile, and
      - The MPD employee responsible for maintaining the covert social media profile.

   b. The Commander or their designee shall conduct yearly audits to ensure that the covert profiles are still active.

   c. When a covert social media profile is no longer needed it shall be deactivated or deleted from the social media site, to the extent permitted by the social media site, and the Commander shall be notified.

2. Employee responsibility

   a. The MPD employee registered as the maintainer of a covert social media profile is responsible for all content posted online under that profile.

   b. The employee shall maintain their own covert social media profile, and shall not share the access information with other employees, except that:

      i. The employee shall provide the password to their registered profile upon request from the Commander or their designee or for auditing purposes.

3. No promotion of violence or criminal activity

   MPD employees shall not post any information through a covert social media profile that promotes violence or criminal activity.