UNIVERSITY OF MINNESOTA

*Twin Cities Campus* | *Law Clinic* *Law School* | *190 Mondale Hall* *229-19th Avenue South* *Minneapolis, MN 55455*

October 30, 2023

Hon. Nancy E. Brasel
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

**Re: *Minneapolis NAACP, et al. v. City of Minneapolis, et al.*, No. 23-cv-01175-NEB-DTS**

Judge Brasel:

On Monday, October 23, the Court held oral argument on the City's Motion to Dismiss Plaintiffs' First Amended Complaint. Following the hearing, the Court asked Plaintiffs to address two questions: (1) whether declaratory relief is viable in this case, and (2) whether there can be no associational standing in an action for damages based on past conduct.

First, should the Court find damages to be inappropriate, Plaintiffs concede that a standalone action for declaratory relief would not be available. *See Frost v. Sioux City*, 920 F.3d 1158, 1161–62 (8th Cir. 2019) (declaratory relief alone would constitute an advisory opinion). However, Plaintiffs request both declaratory relief and damages, which are appropriate in combination. *See, e.g., Segelbaum v. MW Capital, LLC*, 673 F.Supp.2d 875, 882 (D. Minn. 2009) (quoting Fed. R. Civ. P. 57). Here, for example, the Court will likely need to issue post-trial rulings after a jury verdict. Such a ruling would set forth all violations of the Constitution or statutes at issue based on the factual findings. *See e.g., Hanjy v. Arvest Bank*, 94 F.Supp.3d 1012, 1031 (E.D. Ark. 2015) ("[T]he court could utilize its equitable powers to issue a declaratory decree that [Defendant's conduct] was unconscionable and, if so, award damages . . . .").

Second, associational standing is available in actions for damages based on past conduct. To establish associational standing, Plaintiffs must meet the three-prong test established in *Hunt v. Washington Apple Advertising Commission,* 432 U.S. 333, 342–43 (1977). Here, only the third *Hunt* prong is at issue: whether the claims asserted or the relief requested—damages for past harm—require individual member participation.

To evaluate the individual members' injuries, the Court must ask two objective questions: (1) Did Defendants selectively enforce the law against Plaintiffs' members on the basis of their race?,[1] *United States v. Frazier*, 408 F.3d 1102 (8th Cir. 2005), and (2) Did Defendants subject Plaintiffs' members to conduct that would chill persons of "ordinary firmness"? *Williams v. City of Alexander, Ark.,* 772 F.3d 1307, 1313 (8th Cir. 2014). Both questions can be answered without *requiring* individual member participation, because they turn on Defendants' conduct. Evidence

[1] At the October 23 hearing, the City stated that Plaintiffs named only "white supremacists" as a comparator group. This is incorrect. Plaintiffs allege, per the MDHR report, that "MPD officers did not similarly track and surveil *white people* unrelated to criminal activity using MPD covert social media accounts." Compl. ¶ 54 (emphasis added).

such as Doe Officers' documents indicating *why* they tracked the organizations and their members would reveal whether a discriminatory or retaliatory motive inspired the surveillance activities, and would in turn inform any damages award. Thus, Plaintiffs can prove their claims and establish damages via evidence obtained from Defendants or via subpoenas to the relevant social media platforms. Although Plaintiffs' members may serve as witnesses, participation as a witness is distinct from *required* participation as a party. *Nebraska Beef Producers Comm. v. Neb. Brand Comm.*, 287 F.Supp.3d 740, 750 (D. Neb. 2018).

District Court decisions state that individual member participation "may" be required in a damages case; not that it "must" be. *Id.* In a case similarly presenting an objective question—whether certain facilities violated the ADA's building requirements—the Court concluded that "on the third prong [of *Hunt*], nothing indicates that this case requires the presence of any particular and specific DSA members." *Disability Support All. v. Billman*, No. CV 15-3649 (JRT/SER), 2016 WL 755620, at *19 (D. Minn. Feb. 25, 2016). Here, individual participation is not required because differences in the type and severity of the harm hinge not on individual reactions, but on the egregiousness of Doe Officers' conduct, and would be determined by a jury following witness testimony.

The Supreme Court left open the possibility of judicially-imposed "simplified" damages schemes via associational standing, even in contexts *outside* those presented in that case. *United Food and Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 554 n.5 (1996). The City's effort to distinguish *United Food* is not dispositive here, because the Court separately addressed the purpose of the third *Hunt* prong in *any* case. *Id.* at 555–57. The Court noted that associational standing exists for reasons of "administrative convenience and efficiency." *Id.* at 557.[2] Plaintiffs' claims are precisely the type that would benefit from efficient management. Due to the covert nature of Defendants' conduct, the full roster of impacted members is not yet known. New impacted members may be identified throughout the course of discovery, potentially necessitating repeated amended complaints and discovery extensions if Plaintiffs were unable to proceed on behalf of their members. These practical concerns inform the appropriateness of associational standing. For this reason, courts have allowed associational standing where claims and damages can be proven by "representative" members, obviating the need that each individual participate. *NetChoice, LLC v. Griffin*, No. 5:23-CV-05105, 2023 WL 5660155, at *10 (W.D. Ark. Aug. 31, 2023). Here, for example, an NAACP member who served as a social media manager, Ms. Myers, could serve as a representative for past social media managers who would have had access to the same social media accounts. Similarly, the current Presidents of the NAACP and ULTC can serve as representatives for past impacted Presidents.[3]

Thus, for the reasons stated above, the specific relief requested and associational standing are appropriate, and the City's Motion to Dismiss should be denied.

---

[2] It is particularly apt here that the concept of associational standing "has roots in *NAACP v. Alabama ex rel. Patterson*, where the Court noted that for the purpose of determining the scope of the [NAACP's] rights as a litigant, the association 'and its members are in every practical sense identical.'" *United Food*, 517 U.S. at 551–52 (quoting *NAACP*, 357 U.S. 449, 459 (1958)).

[3] Compl. ¶¶ 16, 21 (naming potential representatives). Even if the Court concludes that certain members are required to participate, so long as *each* member is not required to participate, associational standing may still be appropriate. *See, e.g., The Midwest Disability Initiative v. Gm Minneapolis LLC,* No. 16-CV-0868 (MJD/HB), 2016 WL 4575317, at *4 n.4 (D. Minn. June 27, 2016); *Disability Support All.,* 2016 WL 755620, at *6 n.6.

Sincerely,

/s/_Liliana Zaragoza
Liliana Zaragoza
*Associate Professor of Clinical Law*
*Director, Racial Justice Law Clinic*
Lucy Chin^
Evan Dale^
Brandon Redmon^
Alejandrea Brown*
Fariza Hassan*
Racial Justice Law Clinic
University of Minnesota Law School
Walter F. Mondale Hall
229 19th Ave S, Minneapolis, MN 55455
Office: (612) 626-1007
Email: zaragoza@umn.edu

/s/_Tim Phillips
Tim Phillips
Law Office of Tim Phillips
331 Second Avenue South, Suite 400
TriTech Center
Minneapolis, MN 55401
Direct: (612) 470-7179
Email: tim@timphillipslaw.com

^ *Certified Student Attorney, appearance entered*
* *Certified Student Attorney*

ATTORNEYS FOR PLAINTIFFS