Minneapolis
City of Lakes

**Office of the City Attorney**
Kristyn M. Anderson
City Attorney
350 S. Fifth St., Room 210
Minneapolis, MN 55415
TEL 612.673.3000 TTY 612.673.2157
www.minneapolismn.gov

Direct 612.673.3949
heather.robertson@minneapolismn.gov

November 6, 2023

*VIA ECF*

The Honorable Nancy E. Brasel
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

Re: *NAACP, et al v. Mpls, et al ,* Court File No. 23-cv-01175 (NEB-DTS)

Dear Judge Brasel,

The Court ordered Plaintiffs to address the viability of a declaratory judgment action and to respond to the City's argument that this is an action for damages for past conduct and, therefore, there can be no associational standing.

Initially, Plaintiffs admit that a declaratory relief alone is not viable. Plaintiffs attempt to argue that an action for declaratory judgment which seeks damages is viable, but this does not save Plaintiffs' claims because "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208, 210 L. Ed. 2d 568 (2021) (citations omitted). That plaintiffs, generally, have legal avenues to pursue both declaratory relief and damages is immaterial to the standing question. Pursuit of both does not save the Plaintiffs' claims when they do not have standing for either form of relief on its own.

In an attempt to support their faulty premise, Plaintiffs cite to *Hanjy v. Arvest Bank*, 94 F.Supp.3d 1012, 1031 (E.D. Ark. 2015). In that case, a purported class action brought by and on behalf of customers of a bank, the district court found that the complaint stated a claim for an unconscionable contract and that the court could, after a declaratory judgment action, order damages. *Id.* at 1016-17, 1031. However, the issue in that case was not standing, Rather, it was whether unconscionability, normally a defense to contractual enforcement, could instead be an affirmative cause of action. *Id.* at 1030-31. The availability of a declaratory judgment action was based not on federal law but on state law, which specifically provided that individuals could bring declaratory judgment action "for a determination of the validity of a written contract and a declaration of a person's rights, status, or other legal relations under a contract." *Id.* at 1031. Those plaintiffs undoubtedly had standing to pursue both the declaratory relief via construction of the contract imposing bank fees, and damages for the unlawfully imposed fees that had already been deducted from their bank accounts. Therefore, the issue presented to this Court was not addressed in *Hanjy* and it is inapposite.

Here, Plaintiffs have already admitted they do not have standing to pursue declaratory relief. The Eighth Circuit is clear that for declaratory judgment, "allegations of past injury alone are not sufficient to confer standing. The plaintiff must allege and/or demonstrate actual present harm or

a significant possibility of future harm." *Frost v. Sioux City, Iowa*, 920 F.3d 1158, 1162 (8th Cir. 2019) (quoting *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006)). Plaintiffs' allegations are of past injury alone. They, therefore, do not have standing for a declaratory judgment action whether or not they can use it to seek damages.

Even if Plaintiffs could pursue damages under a declaratory judgment action, they would still be barred from claiming associational standing because the damages they seek would require the participation of the individual members who were allegedly harmed by Defendants' conduct. Plaintiffs argue a faulty premise. They claim that to "evaluate the *individual members' injuries*, the Court must ask two objective questions: (1) Did Defendants selectively enforce the law against Plaintiffs' members on the basis of their race?, and (2) Did Defendants subject Plaintiffs' members to conduct that would chill persons of 'ordinary firmness'?" (ECF Doc. 37 at 1 (emphasis added)(quotations omitted).) This is not the case. The questions posed by Plaintiffs relate to the defendants' *liability* and those questions must be answered *for each individual contact* with one of Plaintiffs' members. Only if those questions are answered in the affirmative for an individual member will there then be a separate determination of the extent of damages experienced by that member. Certainly, it is possible that an individual could only have *de minimus* damages, but Plaintiffs' suggestion of a "simplified damages scheme" has not been approved by any court, and it cuts off an individual's right to compensatory damages. In § 1983 litigation, "compensatory damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as "impairment of reputation ..., personal humiliation, and mental anguish and suffering." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (citations omitted). Such damages require the personal participation of the individual members who may have been harmed. The holding in *Warth v. Seldin* makes clear that where "the damages claims are not common to the entire membership, nor shared by all in equal degree . . . to obtain relief in damages, each member of [plaintiff organization] who claims injury as a result of respondents' practices myst (sic) be a party to the suit, and [plaintiff organization] has no standing to claim damages on his behalf." 422 U.S. 490, 515-16 (1975). Here, there is no claim that every member of the NAACP or ULTC was harmed, much less harmed to an equal degree. Therefore, NAACP and ULTC do not have associational standing to seek damages or their invented declaratory judgment damages claim on behalf of the members.

Plaintiffs' letter indirectly asserts that prudential standing is something that individual Courts can dispense with in their discretion. (ECF Doc. 37, citing *United Food and Com. Workers Union Local 751 v. Brown Grp., Inc.,* 517 U.S. 544 (1996) for the proposition that associational standing exists for reasons of "administrative convenience and efficiency.") On the contrary, the "party invoking federal jurisdiction must satisfy both constitutional and prudential requirements of standing." *Advantage Media, LLC v. City of Eden Prairie*, 405 F. Supp. 2d 1037, 1041 (D. Minn. 2005), *aff'd sub nom. Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793 (8th Cir. 2006)(citing *Rosebud Sioux Tribe v. McDivitt,* 286 F.3d 1031, 1039 (8th Cir. 2002)). Absent a statute abrogating prudential standing requirements, as there was in *United Food*, Plaintiffs cannot proceed with a claim unless they meet *all* the associational standing requirements in *Hunt v. Washington Apple Advertising Commission,* 432 U.S. 333, 342–43 (1977). Plaintiffs seek individual damages for some, but not all, individual members. They have no standing to do so, and their claims must be dismissed.

Sincerely,

Heather Robertson

HEATHER P. ROBERTSON
Assistant City Attorney